UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 20-01157 |
| TE'A STARKS, et al. | SECTION: T (2) |

### ORDER

Before the Court is a Motion for Summary Judgment filed by Aetna Life Insurance Company ("Aetna") seeking an order directing the payment of life insurance proceeds.[1] No party has filed a response. For the reasons set forth below, the Court will GRANT the Aetna's Motion.

**FACTS**

Aetna filed an Interpleader Action on April 9, 2020.[2] The claims at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA;" 29 U.S.C. §1001, et seq.). Aetna seeks to pay life insurance proceeds to the Estate of Carretta Davis or, alternatively, to deposit life insurance proceeds in the registry of the Court for the Defendants to assert their claims to the life insurance proceeds.

Prior to her death, Ms. Caretta Davis was an employee of Capital One Service, LLC, which sponsored a group benefit program, including life insurance and accidental death insurance benefits. The Plan is funded or insured by a policy of insurance issued by Aetna ("Group Policy"). Aetna was presented with a Death Certificate indicating that Ms. Starks died on September 13,

---

[1] R. Doc. 25.
[2] R. Doc. 1.

1

2016. The cause of death was listed as a "gunshot wound to head."[3]

Under the terms of the Group Policy, in the event that there is no designated beneficiary, life insurance proceeds are first payable to the participant's spouse and, if there is no spouse, the life insurance proceeds are payable to the participant's children in equal shares. Ms. Davis did not designate a beneficiary under the Group Policy. Ms. Davis's spouse was Mr. Richard Starks. Ms. Davis also had two major children, Ashton Davis and Te'a Starks.

Mr. Starks, Mr. Ashton Davis, and Ms. Te'a Starks have all been named as Defendants in the original Interpleader Action.[4] Additionally, the Estate of Carretta Davis has been named as a defendant in the First Amended Interpleader Action.[5] Ms. Te'a Starks is the Administrator of the Estate of Carretta Davis.[6]

Mr. Starks, Ms. Davis's spouse, was arrested and charged in the death of Ms. Davis. He was tried by a jury in 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, in October of 2019 and found guilty as charged in violation of La. R.S. 14:30.1. Mr. Starks has appealed his conviction, but has not renounced, disclaimed, waived, or released any claim to the life insurance benefits and accidental death benefits. The amount of life insurance benefits payable under the Group Policy is $37,000.00. The amount of $37,000.00 is payable under the Group Policy representing personal loss benefits. As a result, the total amount of benefits at issue is $74,000.00. As of the date of the filing of the Interpleader Action on April 9, 2020, the amount of interest that had accrued on the total life insurance proceeds was $3,359.65.

---

[3] R. Doc. 25, p. 1.
[4] R. Doc. 1.
[5] R. Doc. 17.
[6] *See* R. Doc. 25-2, p. 6.

2

**LAW and ANALYSIS**

In its Motion for Summary Judgment, Aetna avers that Mr. Starks has been disqualified as a beneficiary by virtue of a final judgment of conviction for his involvement in the death of his wife. Under La. R.S. 22:901, a beneficiary shall not receive any benefit accruing for the death of an insured where the beneficiary is "held by final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement or injury of the individual insured" or "[j]udicially determined to have participated in the intentional, unjustified killing of the individual insured." If the beneficiary is so disqualified, the proceeds are payable to the secondary contingent beneficiaries unless similarly disqualified. If there is no secondary or contingent beneficiary, then the insurance proceeds are payable to the estate of the insured.[7] A murder conviction in a trial court is a "final judgment" for purposes of La. R.S. 22:901(D)(1)(a), because it can be appealed and "puts an end to the proceedings."[8]

Another section of this Court has previously determined that Mr. Starks was disqualified from receiving life insurance proceeds under a New York Life Insurance policy based on his conviction for second degree murder and despite his pending appeal. *See New York Life Ins. Co. v. Richard Starks, et al.*, Civil Action No. 16-17484 (E.D. La. 04/27/20) (Honorable Lance M. Africk) (R. Doc. 38). In that case, the Court ruled that the Estate was entitled to receipt of the death benefits pursuant to La. R.S. 22:901(D)(2).

---

[7] *See* La. R.S. 22:901(D)(2).
[8] *In re Succession of Holder*, 50,824, p. 7 (La. App. 2 Cir. 8/10/16), 200 So. 3d 878, 882, *writ denied*, 2016-1694 (La. 12/16/16), 212 So. 3d 1169; *see also In re Hamilton*, 446 So. 2d 463, 465 (La. App. 4 Cir 2/9/84), *writ denied*, 448 So. 2d 105 (La. 1984) (holding that a beneficiary who pled guilty to manslaughter in connection with the insured's death was disqualified from receiving any benefits of the insured's life insurance contract, pursuant to La. R.S. § 22:613(D) (now codified at La. R.S. 22:901(D)(1)(a)).

The record shows that Mr. Starks has been served with both the original Interpleader Action and the First Amended Interpleader Action. Mr. Davis, Ms. Starks, and the Estate have filed Appearance and Answer pleadings, in which they request the insurance proceeds be payable to the Estate of Caretta Davis.[9]

This Court agrees with the decision in *New York Life Ins. Co. v. Richard Starks*, and similarly finds that Mr. Starks's second degree murder conviction of Ms. Davis as the insured is a final judgment holding him criminally responsible for her death and, therefore, he is disqualified from receiving any portion of the death benefits.[10] Mr. Starks's pending appeal of his conviction and sentence has no bearing on whether he is eligible to receive benefits under La. R.S. § 22:901(D).[11] Accordingly, because the Group Policy has no secondary or contingent beneficiary, the Estate is entitled to the death benefits.[12]

**IT IS ORDERED** that Aetna's Motion for Summary Judgment[13] is GRANTED.

**IT IS FURTHER ORDERED** that the death benefits, in the principal amount of $74,000.00 plus accrued interest, shall be paid to the Estate of Carretta Davis, c/o Ms. Te'a Starks as Administrator for the Estate.

New Orleans, Louisiana, this 26th day of February 2021.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 21.
[10] *New York Life Ins. Co. v. Richard Starks, et al.*, Civil Action No. 16-17484 (E.D. La. 04/27/20) (Honorable Lance M. Africk) (R. Doc. 38, p. 36).
[11] *Id.*
[12] *Id.*; *see* La. R.S. 22:901(D)(2).
[13] R. Doc. 25.